**Commonwealth v. Abramson**

*Richard C. Brittain, District Attorney,* for Commonwealth.

*Robert L. Marks,* for defendant.

MYERS, *P.J.,* September 1, 1977 — Defendant was arrested and charged with failing to stop at a stop sign, in violation of section 1112 of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §1112. Defendant was found guilty by a district justice and subsequently filed the instant appeal. A de novo hearing was held before this court and the matter is now at issue.

The arresting officer testified that he saw defendant go through a stop sign near the intersection of Interstate 80 and Route 54. The stop sign is located next to a Sunoco station on a township road which intersects with Route 54.

Defendant testified that he had never been to the area in question before the night of the arrest, that he was driving on the road which leads from the Franklin Restaurant to Route 54, and that he was exercising due caution but was nonetheless having substantial difficulty following the road because of poor traffic markings and poor lighting conditions. He stated that he stopped at one stop sign but that

he did not see the second sign which is located a short distance from the first sign.

The proprietor of the Sunoco station also testified. He stated that the sign in question has been struck by trucks on numerous occasions, and that it is now at an angle which makes it difficult to see. Further, he stated that most drivers do not see the sign and hence go through it without stopping. Finally, he substantiated defendant's testimony that the lighting at the intersection is poor, and that the traffic markings are inadequate and confusing.

Under the circumstances, we are compelled to find defendant not guilty. We found defendant's testimony to be credible, and we believe that he was driving in a cautious and prudent manner.

In our view, defendant failed to see the sign because it was bent at an angle, and because the traffic markings at the intersection are confusing and inadequate.

We have always assumed that the purpose of traffic signs and signals was to assist the traveling public in the exercise of reasonable care and caution. Accordingly, there is a continuing duty on the part of the Commonwealth's Department of Transportation to make sure that these signs and signals are readily understandable and observable to a reasonably prudent motor vehicle operator. In this situation, in our opinion, the Commonwealth has failed in this duty.

## ORDER OF COURT

And now, September 1, 1977, after hearing held, we adjudge defendant not guilty.

Costs to be paid by the County of Montour.